OLDHAM *v.* YORK.

*(Jackson.*    May 8, 1897.) .

1. WILLS.    *Quantity of land covered by devise.*

A devise of a tract of land as 1,407 acres, referring "for metes and bounds" to a registered deed from a designated person to testator, does not cover and pass title to a distinct adjoining tract of 65 acres, although both tracts comprised precisely 1,407 acres, and testator would otherwise die intestate as to the latter tract. (*Post, pp. 74–77.*)

2. WILLS.    *Description of land.*

Metes and bounds control estimated acreage in the description of lands in a devise. (*Post, pp. 76, 77.*)

Cases cited and approved: 120 U. S., 586; 117 U. S., 217.

3. WILLS.    *Presumption against intestacy.*

The presumption against partial intestacy cannot avail where testator's language is plain and unambiguous, but only where the words used, by "fair interpretation or allowable implication," will embrace the property otherwise undevised. (*Post, p. 77.*)

Code construed: § 3897 (S.); § 3005 (M. & V.); § 2164 (T. & S.).

Cases cited and approved: Williams *v.* Williams, 10 Yer., 25; Armstrong *v.* Park, 9 Hum., 196; Gourley *v.* Thompson, 2 Sneed, 389; Reeves *v.* Reeves, 5 Lea, 655; Smith *v.* Puryear, 3 Heis., 708; Davis *v.* Smith, 9 Hum., 559; Crouch *v.* Shepard, 4 Cold., 388; Gourley *v.* Thompson, 2 Sneed, 392.

4. POSSESSION.    *Constructive.*

Constructive possession of land will not avail under the statutes of limitations. (*Post, pp. 77–79.*)

FROM SHELBY.

Appeal from Chancery Court of Shelby County. JOHN L. T. SNEED, Ch.

J. J. DUPUY for Oldham.

W. W. McDOWELL for York.

McALISTER, J. Complainants filed this bill to recover the possession of a tract of land, comprising sixty-five acres, situated in the fourth civil district of Shelby County, and for rents for the use and occupation, as well as the value, of timber alleged to have been cut therefrom. The defendants, J. R. York *et als.*, are in possession of the land, claiming as the heirs of W. P. York, who died in May, 1892. The Chancellor decreed in favor of complainants as to the possession of the land, but disallowed an account for rents, upon the ground that defendants' occupancy of said land was under an honest claim of right. Both sides appealed, the appeal of complainant being limited to the action of the Chancellor in disallowing the claim for rents.

Complainant purchased the land in controversy from the heirs of Nancy F. Donehower, who inherited it under the third item of the will of her father, W. S. Garner, namely: "I give and bequeath to my daughter, Nancy F. Donehower, the tract of land I now own in District No. 4, containing, by estimation, 1,407 acres, which I purchased by deed from Kenneth Reynor, and is recorded in the Register's office of said county, in Book No. 5, page 536, to which reference is here made for metes and bounds, except 300 acres, to be cut off the west end of said tract, by a line running due north and south;

which 300 acres I desire my granddaughter, Charlotte
Ann Garner, to have. The balance of said 1,407
acre tract I give and bequeath to said Nancy F.
Donehower and the heirs of her body.''

The lands in controversy were acquired by W. S.
Garner from the State of Tennessee by a locative
entry made in 1848, estimated to contain $65\frac{1}{3}$ acres,
but by actual measurement is shown to contain only
$49\frac{19}{100}$ acres.

In 1850, or prior thereto, the said W. S. Garner
purchased of Kenneth Raynor the north half of a
2,500 acre tract in the fourth civil district of
Shelby County, Tenn., granted to George Dougherty
by the State of North Carolina, which grant is num-
bered 69, and lies south of and adjoining said entry
of sixty-five acres. The complainant claims that the
lands embraced in the sixty-five acre entry were de-
vised to Nancy F. Donehower by her father, W.
S. Garner, by the said third item of his will, pro-
bated in January, 1858, and that Mrs. Donehower
having died in 1865, complainant, Oldham, acquired,
by purchase from her heirs, the lands in controversy.

The contention of defendants is, that the sixty-
five acre tract is not embraced in the description of
the will, or within the intention of the testator; that
it is undevised property, and, as such, came by de-
scent to the heirs of W. S. Garner, and that W.
P. York, father of defendants, purchased $\frac{27}{30}$ of the
interests of the heirs in the land, went into posses-
sion in 1884, and claimed, as assignee of these heirs,

by an open and adverse possession down to his death, which occurred in 1892. It is further claimed, that independent of color of title to the land, which was acquired by the father of defendants by his purchase of $\frac{27}{30}$ of the interests of the heirs of W. S. Garner, defendants have acquired a possessory right by an adverse possession of twenty-five acres of said land, which they have had under fence' for more` than seven years prior to the filing of this bill.

The bill admits that W. P. York, the ancestor of defendants, acquired by deed, from Mrs. C. A. Maddox and other heirs of W. S. Garner, deceased, $\frac{27}{30}$ of their interest in said tract of land, and that the boundaries of said deed embrace a part of the land so purchased by complainant, Oldham, from the heirs of Nancy F. Donehower. The bill also charges that, under said deeds, the said W. P. York, and his heirs, are now in 'possession of $33\frac{1}{3}$ acres of the lands in said sixty-five ` acre entry, which they have inclosed, and have built four tenement houses thereon, and are claiming the same adversely to complain-ants, under said pretended claim; that, in 1885, W. P. York cut timber from said land, and appropriated the same to his own use.

The defendant, York, interposes the following defenses to the bill, viz.:

"1. That the lands in said sixty-five acre entry were not devised to Mrs. Donehower under the third .item of the will of W. S. Garner, deceased, nor by any other clause of the will, but pass to his heirs

by descent; that as to this land the testator died intestate.

" 2. That, if they did so pass, they are not embraced in said deeds to complainant, J. D. Oldham, through which he claims title—that is to say, said lands are not within the metes and bounds of said deeds.

" 3. That, if they are so embraced, the sales as to the three-fifths interest, sold by R. Y. Donehower and H. 'Y. Oldham, were champertous and void, and their deeds to that extent passed no title, because W. P. York was in the actual adverse possession of said lands in November, 1884, when B. Y. Donehower's deeds for a one-fifth interest was executed, and also in 1888, when R. V. Oldham sold and conveyed a two-fifths interest in the lands embraced in his said deeds.

" 4. That said sixty-five acres passed by descent to the heirs of W. S. Garner, and that W. P. York, the father of the defendants, purchased $\frac{2}{3}\frac{1}{0}$ of the right, title, and interest of his heirs, and took deeds from them for same.

" 5. That, even if the title to said lands did pass to complainant, J. D. Oldham, under his several deeds, he could not recover, by reason of the fact that said W. P. York, the father of defendants, took actual possession of the lands in said entry, early in the year 1884, and with notice to complainants, under color of title, and that he and his children have been in the actual adverse possession

thereof, continuously, ever since, claiming the same in his and their own right, and that, in consequence of such adverse possession for more than seven years prior to the institution of this suit, the right, title, and interest of the complainants, if they had any, was barred, and their right of recovery extinguished and destroyed by the statute of limitations of seven years, under the Act of 1819.

"6. And the defendants set up the further defense that, independent of the fact of color of title, the right of recovery of the complainants would be barred and cut off as to the twenty-five acres of fenced lands in the adverse possession of W. P. York, during his lifetime, and the continuation of that actual adverse possession by his heirs, the defendants, since his death, in May, 1892; but he has been in the actual adverse possession, with an occupied house, and fence inclosure of twenty-five acres, for more than seven years before his death. They further state that they paid all taxes on the lands in said entry since 1883."

The complainants must show a title in themselves or one of them, and a right to possession, in order to recover the land sued for.

The minors answered and asked the protection of the Court. The Court below decreed—

"1. That the land in said sixty-five acre entry was embraced in said third item of the will of W. S. Garner, and passed to Mrs. Nancy F. Donehower by that devise.

"2. That the complainant, J. D. Oldham, acquired a good and valid title thereto by his purchase of the interests of her heirs, and a deed from the complainant, R. V. Oldham, who had purchased the interest of two of the other heirs in the lands devised.

"3. That, having thus acquired the title, the complainant, J. D. Oldham, was the owner of said land, and entitled to the possession of the same.

"4. That, independent of such right, the possession of said lands for twenty years by said Nancy F. Donehower would have fixed the title in her by prescription, and thus give the complainant, J. D. Oldham, a right to recover the same.

"5. It is also declared that the said deeds to W. F. York were a cloud upon complainants' title, and decreed that the same be removed, and ordered a writ of possession to issue. That defendants should pay the costs of the suit."

From all of which rulings of the Court below defendants appealed.

"6. But the Court further found and decreed that, on account of certain equities in the case in favor of the defendants, the complainants were not entitled to recover for rents and profits, and the complainant, J. D. Oldham, appealed from the ruling as to rents and profits," etc.

The defendants appealed, and have assigned errors. The first assignment of error by the defendants is that the Chancery Court erred in finding and ad-

judging that the land in said sixty-five acre entry was embraced in the third item of the said will of W. S. Garner, and was included in the said devise therein to Mrs. Nancy F. Donehower.

The third item of the said will is as follows: "I give and bequeath to my daughter, Nancy F. Donehower, the tract of land I now own in District No. 4, containing, by estimation, 1,407 acres, which I purchased by deed from Kenneth Raynor, and is recorded in the Register's office of said county, in Book No. 5, page 536, to which reference is here made for metes and bounds, except 300 acres, to be cut off the west end of said tract, by a line running due north and south, which 300 acres I desire my granddaughter, Charlotte Ann Garner to have. The balance of said 1,407 acre tract I give and bequeath to said Nancy F. Donehower and the heirs of her body."

It will be observed that the testator in this item specifically devises the lands which he acquired from Kenneth Raynor, by recorded deed, to which he makes especial reference for metes and boundaries. It must be admitted that the sixty-five acre tract does not come within this description, since that land was acquired by locative entry from the State of Tennessee. The deed from Raynor to Warner conveys a certain tract of land in the county of Shelby, State of Tennessee, containing, by estimation, 1,342 acres, more or less, being the north half of a tract of 2,500 acres, containing by survey 2,684 acres, granted by

the State of North Carolina to George Dougherty on warrant No. 1,198, number of grant, 69. As already seen, the land in the sixty-five acre entry lies north of said grant 69, and this fact is admitted in the bill. Moreover, it is shown by survey and actual measurement that the sixty-five acre tract does not lie anywhere within the boundaries of the Raynor tract.

It is claimed, on behalf of complainants, that the testator, by the third item of his will, intended to include the sixty-five acre tract, and devised it to his daughter, Mrs. Donehower. As evincing this intention, attention is called to the fact that the testator, in this item, estimates the Raynor tract as containing 1,407 acres, whereas the deed to that tract only embraces 1,342 acres. If, however, the sixty-five acre tract is added to the 1,342 acres acquired by the deed from Raynor, it will make 1,407 acres. This, it must be admitted, is a very striking coincidence, to say the least of it. If the sixty-five acre tract is not included in the devise, the number of acres devised is only 1,342, but if it is embraced it makes the full complement of 1,407 acres, which the testator estimated his Raynor tract to contain. But, on the other hand, it must be noticed that the testator, in giving the acreage of his Raynor tract, is only estimating what it contains. He does not undertake to be precise, but, in order to make it definite, he cites the book and page of the recorded deed, to which he makes especial reference

for metes and bounds. An examination of that deed shows that the lands therein conveyed lie wholly south of said sixty-five acre entry, and constitute the north half of grant No. 69. Of course, in such cases, the metes and bounds are controlling in ascertatning the particular lands embraced in the instrument. *Gilmer* v. *Stone*, 120 U. S., 586; 117 U. S., 217; Jarman on Wills, 379.

It was suggested on behalf of complainant that a testator is presumed to intend to devise all his property when he engages in the solemn act of executing and publishing his last will and testament, citing *Williams* v. *Williams*, 10 Yer., 25; 9 Hum., 196; 2 Sneed, 389; 5 Lea, 655; 3 Heis., 708; Code (M. & V.), § 3005. We think the rules in respect of presumptions against partial intestacy can have no controlling effect in a case like the present, where the language used by the testator is plain and unambiguous. The rule is only applied when the words used, by any "fair interpretation or allowable implication," will embrace the property otherwise undevised. *Gourley* v. *Thompson*, 2 Sneed, 392; *Davis* v. *Smith*, 9 Hum., 559; *Crouch* v. *Shepard*, 4 Cold., 388. We think it very clear that the sixty-five acre tract did not pass under the third item of the will, but as to this tract the testator died intestate.

The second assignment is that the Court erred in ruling that the possession of said lands in said entry for twenty years by Mrs. Nancy F. Donehower

would have fixed the title in her by prescription, aside from the construction of the said third item of the will.

On this subject, the record shows that, in 1859, in pursuance of the direction of the testator, expressed in his will, the executors caused three hundred acres to be surveyed and laid off from the Raynor tract, for the benefit of Charles Noblin, and the balance of the tract was allotted to Nancy F. Donehower, in accordance with the provisions of the will. It is to be observed that the surveyor, in dividing this tract, states in his report, that the tract of land is composed of the north half of grant No. 69, and an entry lying north of it, the whole tract being estimated at 1,407 acres. But, while this surveyor states that this sixty-five acre tract was embraced in the 1,407 acres, he did not, in fact, include it in his survey, since he followed strictly the metes and bounds in the Raynor deed. It is insisted on behalf of complainants, that after this survey was made, in 1859, Mrs. Donehower went into the possession of 1,107 acres, and that this possession was undisputed by any of the heirs of W. S. Garner for over twenty years, thus raising the presumption of a deed. It is insisted that Mrs. Donehower's possession was not disturbed until 1883, when Charlotte Noblin made a deed of her interest to W. P. York.

This record shows that Mrs. Donehower's interest, under the will, was set aside to her in November,

1859, and in 1865 she died. So far as the record shows, Mrs. Donehower was never in possession of the sixty-five acre tract at any time, excepting, of course, a constructive possession which attached to her undivided interest in the land as a tenant in common with the other heirs of W. S. Garner. Complainants having failed to show any title to this land, it is unnecessary to investigate the title or possessory right set up by defendants.

The decree of the Chancellor is reversed, and the bill will be dismissed.