W. E. Green *et al.*, Complainants, Appellants, *v.* Samuel Young *et al.*, Defendants, Appellees.

(*Jackson*, April Term, 1931.)

Opinion filed July 1, 1931.

EWELL T. WEAKLEY, for complainants, appellants.

WALTER S. DRAPER, for defendants, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this case calls for a construction of the following clause in the will of Mrs. Minerva A. Williams: "I will and bequeath to my husband, L. A. Williams, all my real estate and personal property of whatsoever kind, to be used by him for his support and comfort during his life. This includes all property, real and personal, that I die seized and possessed of."

The husband, L. A. Williams, took possession of the land devised, and after some years sold it to Mrs. Laura Shouse and T. W. Williams, sixty acres to each of them. In January, 1928, L. A. Williams died and thereafter this bill was filed on behalf of a large number of heirs at law asserting title, on the theory that L. A. Williams took a life estate only in the lands. The Chancellor dismissed the bill and complainants have appealed.

18

The Chancellor relied on the holding of this court in *Skillin* v. *Loyd*, 46 Tenn., 563. In that case the words construed were, "I give and bequeath to Julia Francis Spring, . . . and the heirs of her body, for her own sole and separate use during her natural life, the tract of land," etc. The common-law rule having been changed by statute in Tennessee, the court construed the language to devise a fee-simple interest, unless the words, "for her own sole and separate use during her natural life," restricted the devise to a life estate. Passing on this question the court gave application to our statute, Section 3672 of Shannon's Code, which provides as follows:

"Every grant or devise of real estate, or any interest therein, shall pass all of the estate or interest of the grantor, or devisor, unless the intent to pass a less estate or interest shall appear by express terms or be necesarily implied in the terms of the instrument."

The court held that the use of the language in the clause of the will above quoted did not necessarily imply that the testator intended to convey a life estate only, but the court appears to have rested its conclusion largely on the language "sole and separate use" as indicating a purpose to exclude the marital right of the husband, rather than to devise an estate for life only. This case is therefore not controlling here, although on the whole persuasive.

However, the Code section above quoted has been repeatedly considered by this court, it being held that "if the expression in the will is doubtful, the doubt is resolved against the limitation and in favor of the absolute estate." *Meacham* v. *Graham*, 98 Tenn., at page 206, citing cases.

Another proposition well established is that, "in construing wills the general rule is that a gift for life

without a gift over, passes the whole estate." 28 R. C. L., 238.

It is said in 40 Cyc., page 1624, that "the absence of a limitation over may indicate that the first taker is to have an absolute estate, although his estate is expressly limited for life; but not where a life estate is clearly intended."

Another general rule is that a presumption applies that a testator intended to dispose of his entire estate, and not to die intestate, either as to the whole, or any part thereof, or interest therein. Our Tennessee cases support this rule of construction, among them, *McDonald v. Ledford,* 140 Tenn., 471; *Deadrick v. Armour,* 10 Humph., 588; *Oldham v. York,* 99 Tenn., 68.

It is plausibly insisted for the appellees that the words, "during his life" may well be construed as expressing the purpose of this wife, the testator, to provide for her husband during his life, to see to it that he should be comfortable as long as he lived, rather than an intention to deprive him of the power to realize on the property to its full value as his necessities might require.

It appears that this couple had no children, and we think it fair to assume that the primary, if not the exclusive, interest of this wife was in her husband rather than in one or all of the very numerous collateral kindred, some ninety-two, according to the record, many of them residing in remote sections of the country and with many of whom it may fairly be assumed she had no acquaintance.

Giving application to our statute hereinbefore quoted and to the several rules of construction mentioned, we are of opinion that there was no error in the decree of the Chancellor and it will be affirmed.