WILLIAMS *et al. v.* WILLIAMS *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed December 9, 1933.

J. B. Avery, of Alamo, for appellants.

Jerman & Jerman, of Alamo, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

This cause is before us on petition for *certiorari* to the Court of Appeals. The bill was filed by Olive and Thurman Williams, grandchildren of Mather Williams, claiming remainder interests in certain lands by inheritance from their grandfather, to enjoin waste in the cutting and sale of timber on the lands. Their interest is denied by defendants, Annie and Gray Williams, children of Mather Williams, other than the parent of complainants, on the theory that under the will of Mather Williams, made in 1909, these defendants and a deceased sister, Adelaide, took, not a life estate in the land only, as contended by complainants, but the fee. The rights of the parties and determination of the controversy turn on the construction to be given the will in this regard.

While the language of the will plausibly supports the insistence of complainants, the chancellor and Court of Appeals have concurred in finding, looking to the will as a whole and giving consideration to significant extrinsic facts and circumstances, that the intention of the testator was to give to his two daughters, Annie and Adelaide, and his son, Gray, named therein, the absolute

estate in these lands. The testator died in 1912, three years after making this will.

Declaring his purpose to make "this my last will and testament," the testator first bequeaths to "my two daughters, Annie and Adelaide and my son Gray, jointly, the use, improvements and income of my dwelling house, outhouses, lands and their appurtenances situated in Crockett County, State of Tennessee, to have and to hold the same to them, for and during their natural lives."

He then proceeds, in a second paragraph, to bequeath to the same parties, "all the residue of my estate personal or mixed of which I shall die possessed or seized, or to which I shall be entitled at the time of my decease, to have and to hold the same to them and their executors and administrators and assigns forever."

He next bequeaths to his four grandchildren, naming them, including complainants, "fifty dollars each, to be paid to them by my executor hereinafter named within six months after my decease."

And there follows: "I give and bequeath all the remainder of my money at my decease to my two daughters Annie and Adelaide and my son Gray to be paid to them by my executor hereinafter named within six months after my decease."

It will be observed that the final bequest of "all the remainder of my money" is, in effect, a repetition of the bequest made in the second paragraph; "all the remainder of my money" being, of course, included in "all the residue of my estate personal or mixed," and being made to the same persons, his two daughters and son.

It will be observed also that by the will, in five paragraphs, he provides, by specific bequests of fixed sums of money, for his four grandchildren by name, and in three

of these paragraphs bequeaths to his three children all of the residue of his estate, first, the home place, second, "all the residue of my estate, personal or mixed," and, third, "all the remainder of my money." Unless his intention was to give to these three children, who were quite apparently the chief objects of his thought and care, the remainder interest in his land, then as to that he must have purposed to die intestate. That he did so purpose, it is said, is inconsistent (1) with the presumption of law that by making a will one evidences an intention not to die intestate as to any part of his estate; and (2) with extrinsic facts shown concerning the surrounding circumstances and the relationship of the parties.

The testator was very old, some ninety-four years of age, his two daughters were aged and unmarried and had always lived with him and, together with the son, cared for him. One daughter died before the filing of this bill, and the son has died since the suit was brought.

The learned chancellor was apparently impressed that the phrase "for and during their natural lives" was employed to emphasize the testator's desire, as was said of somewhat similar language considered in *Green* v. *Young,* 163 Tenn., 16, 40 S. W. (2d), 793, 794, to provide a home for these aged dependents during their lives, that they might be comfortable as long as they lived, "rather than an intention to deprive him (them) of the power to realize on the property to its full value as his (their) necessities might require," and, further, that it is fair to assume that these children were the primary objects of his interest, and that, having given specified sums to his grandchildren, he wished these aged children to have all the "residue" and "remainder" of his estate.

If the second paragraph should be transposed and placed at the end, in the natural position for the residuary clause, it would not be difficult to construe the words "all the residue of my estate, personal or mixed, of which I shall die possessed or seized" as including the remainder interest in his land.

In view of the somewhat ambiguous language of this will, and conceding that the paper writing standing alone might call for a different construction, this court has given determinative weight to the concurrent finding on the mixed questions of law and fact presented; both courts having found that the facts and the surrounding circumstances proven were inconsistent with a purpose to give to his children a life estate only—that this was not the intention of the testator.

However, in denying the writ, and thereby concurring in the result reached by the lower courts, we find it necessary to clarify our use in the opinion of this court in *Green* v. *Young, supra,* of the following quotation from 28 R. C. L., 28: "In construing wills, the *general rule* is that a gift for life without a gift over, passes the whole estate." The opinion of the Court of Appeals adopts this language without proper emphasis on the words "general rule," which we now above italicize. This general rule must, of course, be understood as subject always to the exception found in our statute (Code, section 7597) reading, "unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument."

In the opinion of *Green* v. *Young,* this statute had been quoted, and also this exception is found in the paragraph immediately following that quoted from R. C. L., being a quotation stating in different language this rule from

40 Cyc., 1624. Moreover, unless the paragraph quoted from R. C. L., is construed as subject to the exception to the "general rule" therein stated, the text is not supported by the case cited.

 Particularly applicable in the instant case is the rule that, "if the expression in the will is doubtful, the doubt is resolved against the limitation and in favor of the absolute estate" (*Meacham* v. *Graham,* 98 Tenn., at page 206, 39 S. W., 12, 15·); also that "a presumption applies that a testator intended to dispose of his entire estate, and not to die intestate, either as to the whole, or any part thereof, or interest therein" (*Green* v. *Young, supra; McDonald* v. *Ledford,* 140 Tenn., 471, 205 S. W., 312; *Deadrick* v. *Armour,* 10 Humph., 588; *Oldham* v. *York,* 99 Tenn., 68, 41 S. W., 333); also the rule that the intention is "to be arrived at from the language of the instrument read in the light of the surrounding circumstances" (*Dalton* v. *Eller,* 153 Tenn., 418, 284 S. W., 68, 70; *Manhattan Savings Bank* v. *Bedford,* 161 Tenn., 187, 30 S. W. (2d) 227).

The writ of *certiorari* is denied.