CANNON *v.* CANNON *et al.*

(*Knoxville*, September Term, 1944.)

Opinion filed December 2, 1944.

2

 

THOS. S. MYERS, of Chattanooga, for defendant-appellant, Robt. Cannon et al.

MOON & ANDERSON, of Chattanooga, for Mrs. Lila Cannon, complainant-appellee.

MR. SPECIAL JUSTICE WEBB delivered the opinion of the Court.

This is a contest over the ownership of a farm in Hamilton County between the complainant, who is the widow of C. C. Cannon, and the defendants who are his brothers and the children of deceased brothers and sisters. C. C. Cannon died March 27, 1937, leaving a last will and testament as follows:

"Not beaing persueaded onfluenced or dictated by Eny one and unbeknown to all I write my Last Will and Testament on earth. first I want all my Debts and Berel expences payed Second I want my wife Lila Cannon to then take into her perseson the remainder of all my property boath real and prsonal and use as her Own for her surpoard in any way that her needs require until her death.

"This June the 1936
 24

C. C. Cannon"

The bill is filed by Mrs. Cannon to obtain a judicial construction of the will. She claims in her bill that she

is vested by its terms with the fee-simple title to the land.

The defendants filed a demurrer and an answer, claiming that the widow only took a life estate, and that they as decedent's heirs own the fee. The chancellor overruled the demurrer; and by agreement of counsel the cause was heard on its merits upon the allegations of the bill and the answer. The chancellor decreed that the will vested complainant with an estate in fee simple absolute. The cause is in this Court upon defendants' appeal.

The only person mentioned or referred to in the will is the testator's wife, and she is authorized to use the property as "her own for her support in any way that her needs require." The testator, who appears to have been an illiterate and uneducated farmer, wrote the will himself. The instrument clearly shows that his wife's welfare was uppermost in his mind when he drafted it. She is now in bad health, and unless she can dispose of the land for her own benefit, she will become an object of charity. It is obvious from this record that it is only by a sale of this low income yielding tract of land is it possible for this wife to "use as her own for her support." It is left for that purpose. The record shows that the testator's farm was practically his only asset, and that it is in a run-down condition, that the barn and buildings have been partially destroyed, and that no taxes have been paid since the will was probated Manifestly the testator realized that he had very little to leave his wife and that she would need it all in order to have even the necessities of life. Under these circumstances it was perfectly natural for him to give her the absolute title to everything he had, and we believe he so intended, especially as against his collateral kin, one of whom was a non-

4

resident, and none of whom had any moral or legal claim upon his bounty.

So in arriving at the testator's intention, his relationship to the beneficiary and her condition and necessities, and the fact that the will was written by the testator himself (who was an unskilled and unlettered person), may all be taken into consideration.

Although the phrase in the will empowering the wife to use the property as "her own for her support in any way that her needs require" is followed by the words "until her death," we do not think under the circumstances that the testator meant by these words to restrict the title to a life estate. He did not mean by the use of the words "until her death" as is used in the expression "for and during her natural life," but he intended the same meaning of finality as he used in the expression "until death us do part."

It will be noted that the will does not in terms dispose of the property after his wife's death and that there is no gift over after she dies. It is a general rule of law that a testator is presumed to have intended to dispose of his entire estate by will, and that doubt in the will is resolved against limitation and in favor of an absolute estate. *Williams* v. *Williams*, 167 Tenn. 26, 65 S. W. (2d) 561; 69 Corpus Juris, secs. 1119, 1120 and 1151; *Green* v. *Young*, 163 Tenn. 16, 40 S. W. (2d) 793. The statutes of this State, Code sections 7597 and 8091, provide that every devise shall convey the entire estate of the testator, unless the contrary intent primarily appears from the words and context of the will.

The language of the will in *Green* v. *Young, supra,* 163 Tenn. at page 17, 40 S. W. (2d) at page 793, which bears a striking resemblance to the language of the will in this cause, is as follows: "I will and bequeath to my hus-

band, L. A. Williams, all my real estate and personal property of whatsoever kind, to be used by him for his support and comfort during his life. This includes all property, real and personal, that I die seized and possessed of.''

In construing this provision the Court said (163 Tenn. at page 19, 40 S. W. (2d) at page 794): ''It appears that this couple had no children, and we think it fair to assume that the primary, if not the exclusive, interest of this wife was in her husband rather than in one or all of the very numerous collateral kindred, some ninety-two, according to the record, many of them residing in remote sections of the country and with many of whom it may fairly be assumed she had no acquaintance.''

The Court accordingly held that the husband took the entire estate to the exclusion of the heirs.

■ So in this cause it is our opinion that the manifest purpose of the testator was to vest an absolute estate in fee simple in his wife, the complainant Mrs. Lila Cannon, and we so hold.

The defendants will pay all the costs of the cause in this Court. The costs of the court below will be paid as decreed by the chancellor, and his decree is in all things affirmed.