195     295
207    ¹552

## Filbert's Estate.

*Will—Life estate—Intestacy.*

Where a will contains a partial or defective description of a state of circumstances that was present to the testator's mind, it is permitted to supply the missing terms in order to give effect to what was clearly intended; but the court cannot provide for an event which appears to have been absent from the testator's mind however strange the omission may be.

Testator gave a life estate to his widow terminable at her death or remarriage. On the happening of one or the other of three contingencies he directed that the real estate given to his wife should be sold, and the proceeds distributed in a manner specified. These contingencies were (1) the marriage or death of the widow before testator's daughter became of full age; (2) the death of the daughter without issue before attaining the age of twenty-one years; and (3) the death of the daughter leaving issue before attaining the age of twenty-one years. The daughter became of age, and subsequently the widow remarried. *Held,* that as none of

the three contingencies had happened, and as no provision had been made for the contingency which actually did happen, viz: the remarriage of the widow after the majority of the daughter, there was an intestacy as to the real estate devised to the wife during her life or widowhood.

Argued March 6, 1900. Appeal, No. 304, Jan. T., 1899, by Adelaide Filbert Geiser, from decree of O. C. Franklin Co., in partition proceedings in the matter of the Estate of Thomas J. Filbert, Sr., Deceased. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Affirmed.

Petition for partition.

From the record it appeared that Thomas J. Filbert, Sr., died on July 17, 1878, leaving to survive him his widow, Emma S. Filbert, a daughter, Adelaide S. Filbert, the appellant, and a number of grandchildren, who were children of his deceased son, Thomas J. Filbert, Jr. By his will he gave a dwelling house and lot of ground to his widow "so long as she shall remain my widow." After creating certain money legacies and disposing of his personal property he further directed as follows:

"Item. In case of the marriage or death of my wife Emma S. Filbert before my daughter Adelaide S. Filbert shall have arrived at the full age of twenty-one years, then all the interest, given, devised and bequeathed to my said wife in my dwelling house and lot of ground herein before described with its appurtenances shall vest in and inure to my said daughter until she arrives at the full age of twenty-one years, when it shall be sold, and from the proceeds my said wife if then living and my said daughter, if not before, shall then each be fully equalized with my son Thomas J. Filbert (Junior) and the balance if any shall be divided into two full and equal shares the one full share to go to my said daughter and the other full share to be equally divided among the then living issue of my said son.

"Item. In case of the death of my daughter Adelaide S. Filbert without issue before she arrives at the full age of twenty-one years and before the marriage or death of my wife Emma S. Filbert, then my said wife being living and married, or unmarried the dwelling house and lot of ground herein before described shall be sold and the proceeds divided into two full and equal shares the one full share to go to my said wife and

the other full share to be equally divided among the then living issue of my son Thomas J. Filbert (Junior).

"Item.   In case of the death of my daughter Adelaide S. Filbert before she arrives at the full age of twenty-one years, leaving issue to survive her, then the dwelling house and lot of ground herein before described shall be sold and the proceeds divided into three full and equal shares, the one full share to go to the issue of my said daughter, the other full share to go to my wife Emma S. Filbert, and the other full share to be equally divided among the then living issue of my son Thomas J. Filbert (Junior).   I will and desire my wife Emma S. Filbert to have the guardianship of my daughter Adelaide S. Filbert."

Adelaide Filbert Geiser arrived of full age April 9, 1893. Testator's widow, Emma S. Filbert, remarried on April 12, 1898.   The children of testator's son filed a petition for partition of the real estate devised to the widow, claiming that as to that there was an intestacy upon the remarriage of the widow after Mrs. Geiser had attained her majority.   Partition was decreed in accordance with the prayer of the petition, and the inquisition was confirmed absolutely.

*Error assigned*, among others, was the decree of the court.

*W. U. Brewer*, for appellant.—The intention of the testator is to be determined by an examination of the whole will; the purpose of the investigation is to find the testator's true scheme of distribution, and it is proper to consider the surrounding circumstances and the persons who are the objects of his bounty, and in case children are the objects of his bounty, that construction will be adopted which favors equality, if the testator has indicated equality to be a governing purpose, and if possible such construction will be adopted as will avoid a partial intestacy, and especially is this so when from such intestacy manifest inequality results ; and where there is in the will a doubtful or obscure intention, it is always resolved in favor of equality : Roberjot v. Mazurie, 14 Serg. & Rawle, 42 ; Joyce's Est., 21 W. N. C. 510 ; Malone v. Dobbins, 23 Pa. 296 ; Duffy's Est., 36 W. N. C. 199 ; Fairlamb's App., 100 Pa. 385 ; Price v. Douglass, 150 Mass. 96 ; Long v. Labor, 8 Pa. 231 ; Hennershotz's Est., 16 Pa. 435 ; Reimer's Est., 159 Pa. 212 ; Ferry's

App., 102 Pa. 207; Follweiler's App., 102 Pa. 581; Hofius v. Hofius, 92 Pa. 305; Earp's Will, 1 Parsons, 453.

In this will the language of the testator, showing it was his intention to dispose of his whole estate, must not be overlooked: Reimer's. Estate, 159 Pa. 212; Busby v. Busby, 1 Dall. 226; Caldwell v. Ferguson, 2 Yeates, 250; Doughty v. Browne, 4 Yeates, 178; French v. McIlhenny, 2 Binn. 13; Cassell v. Cooke, 8 S. & R. 268; McClure v. Douthitt, 3 Pa. 446; Miller v. Lynn, 7 Pa. 443; Peppard v. Deal, 9 Pa. 140; Harden v. Hays, 9 Pa. 151; McCullough v. Gilmore, 11 Pa. 370.

*J. R. Ruthrauff*, for appellees.—Devises limited in clear and express terms of contingency do not take effect unless the events upon which they are made dependent happen: Rupp v. Eberly, 79 Pa. 145.

It is true, the presumption is that a testator does not intend to die intestate. But it is only a presumption, and is easily rebutted when the fact of intestacy is plainly apparent on the face of the will. This rule of construction is only applicable when the question of intestacy is doubtful: ·Busby v. Busby, 1 Dall. 226; Cassell v. Cooke, 8 S. & R. 268.

It was perfectly apparent from the whole will that the period fixed for distribution was when the widow either died or married, and the court was clearly justified in supplying the words " or died:" McKeehan v. Wilson, 53 Pa. 74; Chapman v. Brown, 3 Burr. 1634.

PER CURIAM, March 26, 1900:

The estate which was given to the widow in the land in question, was a life estate only, terminable at her death or remarriage. There was no devise over of this real estate of any kind after the determination of the estate of the widow. There were other provisions as to what should be done with it in the event of several designated contingencies, none of which ever happened. As to those contingencies therefore it was as if they had never been written in the will. The first of these contingencies was the marriage or death of the testator's wife before his daughter Adelaide became of full age. The second was the death of the daughter without issue before attaining the age of twenty-one years, and the third was the death of the daughter

leaving issue before attaining the age of twenty-one. It so happens that not one of these several contingencies has occurred. The widow married again in 1898 and thereupon her estate terminated absolutely. The widow is still living and so is the daughter who is married and is of full age. The provisions of the will, therefore, which were adapted to the occurrence of any one of these several contingencies, became entirely inapplicable, and the disposition of the property in question must be sought in the other directions of the will, but of these there are none, absolutely none. No provision whatever has been made for the event which has actually arisen. There is no testacy as to this real estate in the state of facts which now exists, and to make a testacy where the testator has seen fit to make none, is simply an undertaking by the courts to do something which they have no right to do. We agree entirely with the views so well expressed by the learned judge of the court below.

Decree affirmed and appeal dismissed at the cost of the appellant.