## Shaner *v.* Wilson, Appellant.

*Wills—Estate for life—Remainder.*

A devise of land by a father to a son " during his natural life," without any gift over, vests in the son merely a life estate.

Argued Nov. 3, 1903. Appeal, No. 134, Oct. T., 1903, by defendant, from judgment of C. P., No. 2, Allegheny County, Oct. T., 1901, No. 676, on verdict for plaintiff in case of Caro-

line Shaner v. John Wilson et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Moon township. Before RODGERS, J.
The opinion of the Supreme Court states the case.
The court gave binding instructions for plaintiff.

*Error assigned* was in giving binding instructions for plaintiff.

*J. S. Ferguson,* with him *John Marron* and *F. C. McGirr,* for appellants.—The very fact that John Wilson made a will raises the presumption that he did not intend to die intestate as to any portion of the estate: Reimer's Estate, 159 Pa. 212.

Where a will contains a partial or defective description of a state of circumstances, that was presented to the testator's mind, it is permitted to supply the missing terms in order to give effect to what was clearly intended: Filbert's Estate, 195 Pa. 295.

*Alex. S. Mabon,* with him *George L. Roberts,* for appellee.— No heir can be disinherited without an express devise, or necessary implication, such implication importing such a strong possibility that an intention to the contrary cannot be supposed: Abel v. Abel, 201 Pa. 543 ; Dunlap's App., 116 Pa. 500 ; Hancock's Appeal, 112 Pa. 532; Jacob's Estate, 140 Pa. 268; Bell's Estate, 147 Pa. 389 ; Corr's Estate, 202 Pa. 391.

Equality, justice, and fairness to all the heirs is a cardinal principle in the interpretation of a will: Postlethwaite's App., 68 Pa. 477 ; Filbert's Est., 195 Pa. 295.

To sustain the appellant's contention, that there is no intestacy as to this land in question, it would be necessary to alter and reform this will and supply a devising or residuary clause which the testator did not see fit to make, and that would be making a will for him instead of interpreting that which he has made: Corr's Estate, 202 Pa. 391.

OPINION BY MR. JUSTICE POTTER, January 4, 1904:
This was action of ejectment to recover an interest in a

farm in Moon township, Allegheny county. The plaintiff's right depends entirely upon the construction of the second clause of the will of her father, John Wilson, in which he used this language : "I will and bequeath to my son Joseph Wilson, during his natural life, all that portion of a farm," etc. In the view of the trial judge, this clearly gave to Joseph Wilson only an estate for life, and as no disposition was made of the remainder in fee, it descended to the heirs of the testator, under the intestate laws. The jury was, therefore, instructed to find for the plaintiff. It appears from the will that the testator imposed conditions upon the enjoyment by Joseph Wilson of even the life estate, but, as. these conditions were observed, they become immaterial. There was no ambiguity in the words which give this portion of the farm to Joseph Wilson for his "natural life." Nowhere in the will does there appear a testamentary disposition of the entire estate. We cannot assume that the testator intended any. Counsel for appellants have quoted in their argument, from the syllabus in the case of Filbert's Estate, 195 Pa. 295, but they have left out the concluding words of the paragraph, which are : "But the court cannot provide for an event which appears to have been absent from the testator's mind, however strange the omission may be." That case resembles closely the present one, and is authority against the appellants. So also in Howe's Appeal, 126 Pa. 233, a testator disposed of "all my property consisting of bonds and mortgages, grounds rents, stocks, and personal effects in the state of Pennsylvania," and then gave and bequeathed all his property in Kentucky. It was held that he died intestate as to certain real estate which he owned in Pennsylvania. Mr. Justice GREEN said (p. 241) : "We can see no ambiguity in the words of this will, and therefore have no occasion to resort to rules of interpretation, which are intended only for the solution of ambiguous language. One of these rules chiefly invoked in the present case is, that a testator is to be presumed as intending not to die intestate ; but another rule of quite equal, and perhaps still greater force, is that the heir is not to be disinherited except by express words or necessary implication. Thus, in Rupp v. Eberly, 79 Pa. 141, we said, " The maxim is imbedded in the common law that an heir can be disinherited only by express devise, or by neces-

sary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed: 1 Jarman on Wills, 465. That this rule has been uniformly recognized in Pennsylvania is proven by all the cases in which the point has been discussed." And in Schmidth's Estate, 183 Pa. 641, we said: " The omission of a residuary clause in wills is not by any means an uncommon occurrence. But because of such omission it is neither necessary nor proper to give the residue to some specific legatee upon a forced construction of words which do not indicate such a purpose in the mind of the testator. In all such cases the testator is simply intestate as to the residuary estate, and it must then be distributed according to the intestate law."

Our examination of this will leads us to agree with the trial court, that as to the real estate here involved, the testator rested content with its disposition to his son Joseph during his life, without making any provision for the remainder. And that, upon the death of Joseph Wilson, the remainder being undisposed of, vested under the intestate laws, in the heirs general of John Wilson. The plaintiff, being one of the seven children of the testator, is entitled to the undivided one seventh of the land in question.

The assignments of error are dismissed, and the judgment is affirmed.