## Watson, Appellant, *v*. Martin.

*Will—Construction—"Cash"—Real estate—Intestacy—Disinheriting heir.*

1. The word "cash" cannot be construed to include real estate in the absence of a manifest intent that it was used for that purpose.

2. A testator having at his death money, shares of stock, promissory notes, household furniture and real estate made various pecuniary legacies and further directed: "If their is enny cash left over it goes to L." *Held*, that L. was entitled after the payment of the pecuniary legacies to the balance of the personal estate, but not to the real estate.

3. The rule that a testator is presumed to have intended not to die intestate as to any part of his estate is not of greater force than the rule that an heir is not to be disinherited except by express words or necessary implication.

Argued March 21, 1910. Appeal, No. 402, Jan. T., 1909, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1909, No. 2,133, for defendant on case stated in suit of Lizzie M. Watson v. William J. Martin. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketable title to real estate.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant on the case stated.

*Harvey Gourley,* for appellant.—The plaintiff contends that under the will of Heston Watson, deceased, she is entitled to receive all of the cash left over from the sale of the real estate in question, and that she is, therefore, capable of giving a good and sufficient deed of conveyance therefor to the purchaser: Hofius v. Hofius, 92 Pa. 305; Price's App., 169 Pa. 294; Carr's Est., 13 Pa. C. C. Rep. 643; Jacob's Est., 140 Pa. 268; Nevinson v. Lady Lennard, 34 Beavan, 487.

*Homer G. White,* for appellee.—The law favors the title of the heirs: Bender v. Dietrick, 7 W. & S. 284; Shaner v. Wilson, 207 Pa. 550; Grim's App., 89 Pa. 333; Abel v. Abel, 201 Pa. 543; Lipman's App., 30 Pa. 180; Howe's App., 126 Pa. 233; Jarman on Wills, p. 498.

The word "cash" is a stricter term than "money," and usually will not include promissory notes, stock certificates, and the like: Jarman on Wills, star page 724, note (e); Schouler on Wills (3d ed.), sec. 505.

Even "money" is usually construed strictly, unless it appears clearly from the context that the whole personal estate was intended to pass thereunder: Widener v. Beggs, 118 Pa. 374–379.

PER CURIAM, May 9, 1910:

This was a case stated to determine the title to real estate claimed by the appellant under the following clause of her uncle's will: "If their is enny cash left over it goes to Lizzie M. Watson." The testator's heirs were children of his deceased brothers and sisters. His estate at the execution of his will and at his death ten months later consisted of about $1,400 in money, shares of stock sold by his executor for $5,450, notes amounting to $2,500, household furniture worth $50.00, and a dwelling house for which he paid $2,650. The pecuniary legacies, fifteen

in number, amounted to $7,100. There was a balance of personal estate after the payment of legacies, debts and expenses of administration of $900, which was awarded to the appellant under the clause of the will above quoted. Her contention is that under this clause she is entitled to the dwelling house also.

The word "cash" cannot be construed to include real estate in the absence of a manifest intent that it was used for that purpose. We find no such intent in the will. No reference is made in it to the real estate, nor is there an expression of an intention to dispose of all the testator's estate. The rule that a testator is presumed to have intended not to die intestate as to any part of his estate is not of greater force than the rule that an heir is not to be disinherited except by express words or necessary implication: Shaner v. Wilson, 207 Pa. 550.

The intent of a testator must be gathered from what he said. The search for his meaning is confined to his language: Woelpper's App., 126 Pa. 562.

The judgment is affirmed.