Mrs. Charles J. ALEXANDER, Individually and Administratrix, Appellant,

v.

Truitt H. BOTSFORD, Appellee.

No. 17247.

Court of Civil Appeals of Texas.

Dallas.

March 14, 1969.

Rehearing Denied April 11, 1969.

Earl Luna, Luna & Jackson, Dallas, for appellant.

Gerald R. Coplin, of Passman, Jones, Stewart & Andrews, Dallas, Robert C. Jackson, Corsicana, for appellee.

BATEMAN, Justice.

The appellant, Charles J. Alexander, individually and as administratrix with will annexed of the estate of her deceased sister, Alice B. Parks, brought this suit for construction of the holographic will of the decedent and for instructions as to what disposition should be made of properties not specifically disposed of in the will, which is as follows:

"Alice B. Parks

June 17th, 1964

Being of sound mind and in full control of all my facaulties (*sic*) I hereby write my will.

To my sister Charles J. Alexander I leave my diamond barpin (in my safety box at the First National Bank) also my solatair (*sic*) diamond ring—to my sister Anna D. Doyle I leave my diamond watch and bracelet—to my sister Ida B. Parks I leave my diamond and saphire (*sic*) dinner ring.

My home and furnishings I leave to my sister Charles J. Alexander—it's been her home so long and she has given up so much to stay with me—in fact has had to take over the running of the house since I've been unable to do my share. I'm sure she will open it to Anna if she ever decides to leave Los Angeles.

To Mary Thompson (Mrs. J. C.) my *pink* hand carved needlepoint chair—and to Jake Howards picture on the library table he especially requested that years ago.

I give Charles complete power of attorney—she can consult W. B. Handley, Sr. (Bailey) for advise (*sic*) he is a dear

friend and I know he will do all he can to help.

After all bills are paid I ask Charles help Truitt Jr. in any way he needs—this Bailey can help her."

The defendants were the other surviving sisters of Alice B. Parks, and Truitt H. Botsford, son of a deceased brother, and Stephen Montrose, son of a deceased sister, of Alice B. Parks. A nonjury trial resulted in a judgment construing the above will "so as to leave the residuary estate to Charles J. Alexander, Trustee, for the use and benefit of Truitt H. Botsford, for the term of his natural life, with the Trustee authorized and directed to distribute income and corpus to Truitt H. Botsford as his needs require. If Truitt H. Botsford should die before the complete distribution of all income and corpus of the residuary estate, then that remaining portion shall be distributed to the heirs at law of Alice B. Parks, Deceased, in accordance with the Statute of descent and distribution in force and effect in the State of Texas as of the date of the death of Alice B. Parks, Deceased."

The appellant asserts two points of error: (1) Error of the trial court in construing the will to impose a trust on the residuary estate for the benefit of Botsford, and (2) error in failing to construe the will so as to either (a) leave the residuary estate to Charles J. Alexander without limitation and free of trust; or, in the alternative, (b) leave it to the heirs at law of Alice B. Parks, deceased.

It appears from the undisputed evidence that Truitt H. Botsford is undoubtedly the "Truitt, Jr." mentioned in the last paragraph of the will; that he was forty-five years of age at the time of trial, and had suffered a severe heart attack while in military service in Japan, and that Alice B. Parks knew of his disability resulting therefrom.

The only question here is whether the language of the entire will, considered in connection with the extrinsic evidence introduced, is sufficient to support the trial court's conclusion that the residue, consisting of a substantial sum in cash, was left to appellant but impressed with a trust for the benefit of Botsford. We do not think so.

■■ If there is any language to be found in the will which may reasonably be interpreted as an intentional disposition by the testatrix of the residue, we should place that construction upon it, for there is a strong presumption, from the mere fact of making a will, that the testator intended to dispose of his entire estate and did not intend to die intestate as to the whole or any part of his property, unless a contrary intention is clearly expressed or necessarily implied. Kuehn v. Bremer, 132 S.W.2d 295, 297 (Tex.Civ.App., Waco 1939, writ ref'd); Urban v. Fossati, 266 S.W.2d 397, 398 (Tex.Civ.App., San Antonio 1954, writ ref'd n. r. e.); Sewell v. Sewell, 266 S.W. 2d 924, 925 (Tex.Civ.App., Texarkana 1954, writ ref'd n. r. e.).

■ This presumption, however, is not conclusive, but rebuttable, and must yield to the clear intent of the testator expressed in the will. We so held in Brooking v. McCutchen, 135 S.W.2d 197 (Tex.Civ.App., Dallas 1939, no writ). See also 61 Tex. Jur.2d, Wills, § 176, p. 308.

■ The presumption, while powerful, is not strong enough to empower a court to write a residuary clause into a will where none previously existed. This, we think, is what the trial court did here. We quote again with approval, as we did in Brooking v. McCutchen, supra, the following excerpt from the opinion of the Supreme Court of Tennessee in McDonald v. Ledford, 140 Tenn. 471, 205 S.W. 312, 314 (1918):

"We cannot hold that the rule that a testator is presumed to have intended not to die intestate as to any part of his estate is of greater force than the rule that an heir is not to be disinherited

except by express words or necessary implication."

■ Appellant argues that the clause giving her "complete power of attorney" should be construed as a residuary clause bequeathing the residue to her, free of any trust, and charged only with the responsibility of paying the debts of the estate. This argument is embodied in the first part of her second point of error on appeal. We do not agree with appellant. While this language might possibly be interpreted to evidence a desire on the part of the testatrix that appellant manage the estate and make distribution of the bequests contained in the will, appellant concedes that it is not sufficient to create an independent executorship, and we are of the opinion that it does not bequeath the residue of the estate to her.

■ With respect to the language used in the last paragraph, which the trial court construed as creating a trust in favor of appellee, it is our opinion that this paragraph is not sufficient legally to do so. The language used is merely a suggestion or request that appellant "help" appellee. The word "ask" is purely precatory. Byars v. Byars, 143 Tex. 10, 182 S.W.2d 363 (1944); Rich v. Witherspoon, 208 S.W.2d 674 (Tex.Civ.App., Dallas 1948, no writ). It is held that an express trust does not ordinarily arise except where the owner of property has shown an unequivocal intention to create a trust. 57 Tex.Jur.2d, Trusts, § 25, p. 402; Autrey v. Stubenrauch, 133 S.W. 531 (Tex.Civ.App., San Antonio 1910, writ ref'd).

"The declaration of trust, whether written or oral, must be reasonably certain in its material terms; and this requisite of certainty includes the subject matter or property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature and quantity of interest that they are to have, and the manner in which the trust is to be performed. If the language is so vague, general, or equivocal that any of these necessary elements of the trust is left in real uncertainty, then the trust must fail. The settlor's language must admit of the construction that he intended to impose an imperative obligation. Uncertainty or vagueness as to the subject matter on which it is to operate may be taken as indicative of an intention merely to suggest a course of conduct to the donee rather than to impose an obligation. The donor's language will not be construed as creating a trust where the objects of the asserted trust are uncertain, where the property to be affected with the asserted trust is not defined, where the person to whom the settlor's wish is addressed has a clear discretion to act as he thinks fit, or where the words vesting ownership in the donee are absolute and irreconcilable with the suggestion that the donor intended some limitation on such ownership." 57 Tex.Jur.2d, Trusts, § 27, p. 406.

"When a disposer of property does not expressly charge the grantee or donee with the duty of holding it in trust or of disposing of it at some future time in some particular way, but merely intimates a wish as to the disposition to be made of the property or of the income, equity will not compel the donee to fulfill the donor's expressed wish unless it appears to have been his intention to make the disposition mentioned obligatory. To determine whether a precatory trust has been created, the general formula is that the words of the testator must be construed as imperative. The certainty required in the declaration of a precatory trust includes the subject matter or property embraced within the trust, the beneficiaries or persons in whose behalf it is created, the nature or quantity of interest that they are to have, and the manner in which the trust is to be performed." 57 Tex.Jur.2d, Trusts, § 28, p. 407.

With these rules in mind, we are constrained to hold that the language of this will does not permit of the conclusion that

a trust was created out of any property of the estate for the benefit of appellee.

■ Being of the opinion that the court erred in its construction of the will, we reverse the judgment and, as enjoined by Rule 434, Vernon's Texas Rules of Civil Procedure, here render the judgment or decree we think the trial court should have rendered, and that is that the will of Alice B. Parks be construed as containing no language disposing of the residue of her estate, and that the administratrix with will annexed be, and she is hereby, instructed to distribute the residue of the estate, after payment and delivery of the special bequests and devise contained in the will, the debts, costs and expenses of administration of the estate, to the heirs at law of Alice B. Parks, deceased, in compliance with the laws of descent and distribution in effect at the time of her death.

Reversed and rendered.