**Opinion filed October 31, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00291-CV

_____

## IN THE MATTER OF THE ESTATE OF
## MILDRED L. ETHRIDGE, DECEASED

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. P10778**

## O P I N I O N

In this will-construction case, Appellant, Fred D. Davis Jr., appeals the trial court's "Order Determining Estate Distribution" and "Final Order to Remove Executor and Appoint Successor." Appellant raises two issues: (1) whether the trial court erred in finding that the term "personal effects" did not refer to "cash, receivables, interest in oil, gas or other minerals, royalties, [or] real property"; and (2) whether the trial court erred in finding that Appellant had misapplied property entrusted to his care in violation of his fiduciary duties and Section 404.003(2) of the Texas Estates Code. Because we conclude that the trial court properly construed the will at issue and properly removed Appellant as executor, we affirm.

*Background Facts*

In 1990, Mildred L. Ethridge executed a one-page typewritten will that she drafted without consulting an attorney. In relevant part, the will stated:

> I, MILDRED L. ETHRIDGE, (femme sole) of Midland County, Texas, for the purpose of the distribution of my entire estate, real, personal and mixed, which I wish to have take effect at my death, do make, publish and declare this to be my Last Will and Testament, and I do hereby revoke all former wills and testamentaries heretofore made by me at any time.

> FIRST

> I hereby appoint and name Fred D. Davis, Jr. as Independent Executor and trustee of my estate, to serve without bond. I give Fred D. Davis, Jr. all my personal effects to clear my estate after my death.

> SECOND

> I give and bequeath my one half (1/2) ownership in my residence and homestead situated on the East 53 feet of Lot 5, West 16.9 feet of Lot 4, Block 1, Oxford Heights to Patricia Petosky.

Appellant was Mildred's nephew-in-law. Mildred died on January 9, 1994, and her will was admitted to probate on April 7, 1994. Prior to her death, Mildred gifted the Oxford Heights residence to someone else, leaving Appellant as the only other person possibly named as beneficiary under the will.[1] The county court at law authorized Appellant to receive "Letters Testamentary" as the independent executor of Mildred's estate. Appellant filed an inventory of the estate. In the inventory, Part A described the money in Mildred's checking account, and Part B listed miscellaneous property that Mildred owned at the time of her death, including furniture and a television.

---

[1]The parties dispute whether Appellant was named as a beneficiary under the will. In light of our disposition, we do not need to consider whether Appellant is a beneficiary under the will.

At her death, Mildred also owned mineral royalties that were not specifically devised in her will or included in the inventory. After the will was probated, Enterprise Crude Oil LLC began paying royalties to Mildred's estate. Appellant opened a bank account for the estate to receive the funds. Believing he was entitled to the entire estate, Appellant transferred the funds into his personal account. Appellant and his wife, June Ethridge Davis, spent the funds on items unrelated to the estate.

In 2010, Mildred's heirs discovered they were possibly entitled to the royalty payments from Mildred's estate. On July 8, 2014, Mildred's great-nephew, John Wright Ethridge Jr., sent a letter to Appellant requesting an accounting of the estate pursuant to Section 404.001 of the Texas Estates Code. Appellant never responded to the request.

On October 22, 2014, John Wright Ethridge Jr. filed an application for removal of Appellant as the independent executor of the estate. Appellee John McCarty also filed an application to appoint a successor independent executor. The applicants asserted that they were Mildred's heirs and that her various mineral royalty interests did not pass under her will.

The trial court held a hearing on September 10, 2015, to consider the various claims of the parties. The trial court subsequently entered an "Order Determining Estate Distribution," wherein it determined that "personal effects" as used in the will meant "articles of personal property bearing intimate relation or association to the person." The trial court also found that personal effects was a more limited term than personal property and only included the miscellaneous items listed in Part B of the inventory. Most notably, the trial court found that Mildred died intestate as to "cash, receivables, interest in oil, gas or other minerals, royalties, real property . . . or other personal property" other than her personal effects. The trial court found that such items passed to her heirs at law through intestacy.

3

On September 25, 2017, the trial court entered a final order in which it found that, based on its prior interpretation of the will, Appellant had "misapplied part of the property entrusted to his care in violation of his fiduciary duties and Section 404.003(2) of the Texas Estates Code."[2]  Accordingly, the trial court removed Appellant as the independent executor of the estate.

Appellant then filed this appeal seeking that we hold that the term "personal effects" refers to all property of any kind owned by Mildred (other than the Oxford Heights residence) and seeking that we vacate the order removing him as executor.

*Analysis*

In his first issue, Appellant asserts that the trial court erred in its construction of the term "personal effects" as used in the will.  We review a trial court's construction of language in a will de novo. *Jinkins v. Jinkins*, 522 S.W.3d 771, 779 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

Appellant contends that the trial court's limited construction of the term personal effects contradicts the prior clause, which states that the will was executed "for the purpose of the distribution of [Mildred's] entire estate, real, personal and mixed."  Appellant also argues that the plain language of the will shows that Mildred intended "personal effects" to encompass all her property other than the Oxford Heights residence.  Appellant contends that Mildred intended for her entire estate to be split into two components: (1) her one-half interest in her "residence," encompassing only the Oxford Heights property, and (2) her "personal effects," encompassing everything else.  Appellant further urges that a liberal interpretation of "personal effects" is appropriate because Mildred was not an attorney nor was her will drafted by an attorney.

---

[2]Section 404.003(2) permits the removal of an independent executor, without notice, if "sufficient grounds appear to support a belief that the independent executor has misapplied or embezzled, or is about to misapply or embezzle, all or part of the property committed to the independent executor's care."  TEX. EST. CODE ANN. § 404.003(2) (West 2014).

4

In construing a will, the court must focus on the testator's intent. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). This intent must be ascertained from the language within the four corners of the will. *Id.* (citing *Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980)). The question is not what the testator intended to write but, rather, the meaning of the words actually used. *Id.* Courts "may not redraft the will, vary or add provisions" under the guise of construing the will's language to reflect some presumed intention of the testator. *Shriner's*, 610 S.W.2d at 151.

"Determining a testatrix's intent from the four corners of a will requires a careful examination of the words used." *San Antonio Area Found.*, 35 S.W.3d at 639. When a will is unambiguous, we look only to its terms to ascertain intent. *Id.* (explaining that extrinsic evidence is only admissible when a term is open to more than one construction); *see also Gordon v. Gordon*, No. 11-14-00086-CV, 2016 WL 1274076, at *3 (Tex. App.—Eastland Mar. 31, 2016, pet. denied) (mem. op.) (explaining that a difference in interpretation is not equivalent to ambiguity).

Terms used are to be given their plain, ordinary, and generally accepted meanings unless the instrument itself shows that they were used in a technical or different sense. *Steger v. Muenster Drilling Co.*, 134 S.W.3d 359, 372 (Tex. App.—Fort Worth 2003, pet. denied). "If possible, all parts of the will must be harmonized, and every sentence, clause, and word must be considered in ascertaining the testator's intent." *Id.* Where practicable, a latter clause in a will must be deemed to affirm, not contradict, an earlier clause. *Id.* Additionally, we must presume that the testator placed nothing meaningless or superfluous in the will and intended every word to have a meaning and to play a part in the disposition of the property. *Gordon*, 2016 WL 1274076, at *3.

Neither party argues that the will is ambiguous, and we conclude that the will is not ambiguous. *See Coker v. Coker*, 650 S.W.2d 391, 393-94 (Tex. 1983)

(deciding whether a contract is ambiguous is a question of law for the court; noting that a court may conclude that a contract is ambiguous even in the absence of such a pleading by either party). Accordingly, extrinsic evidence is unnecessary, and Mildred's intent must be found solely within the four corners of her will. Appellant contends that Mildred's use of the words "entire estate, real, personal and mixed" shows that, except for the homestead, Mildred intended that "personal effects" encompass all her property—both personal and real. We are unpersuaded by this argument.

Personal effects has customarily been defined narrowly as a subset of personal property. *Estate of Neal*, No. 02-16-00381-CV, 2018 WL 283780, at \*4 (Tex. App.—Fort Worth Jan. 4, 2018, no pet.) (mem. op.). The term generally refers to articles bearing intimate relation or association to the person of the testator. *Id.*; *see also Dearman v. Dutschmann*, 739 S.W.2d 454, 455 (Tex. App.—Corpus Christi 1987, writ denied) (explaining that "personal effects" are "articles of personal property" that bear an intimate relation to a person, such as "clothing, jewelry, and similar chattels"); *Teaff v. Ritchey*, 622 S.W.2d 589, 591–92 (Tex. App.—Amarillo 1981, no writ) (defining "personal effects" to include items such as "clothes, toilet articles, eye glasses[,] and dentures"); *First Methodist Episcopal Church S. v. Anderson*, 110 S.W.2d 1177, 1182 (Tex. App.—Dallas 1937, writ dism'd) (finding "personal effects" to mean "articles pertaining to or associated with the person of the deceased, such as wearing apparel, luggage, jewelry, and the like").

> [W]here the meaning of the language used in the will has been settled by usage and sanctioned by judicial decisions, it is presumed to be used in the sense that the law has given to it, and should be so construed, unless the context of the will shows a clear intention to the contrary.

*Stephens v. Beard*, 485 S.W.3d 914, 917 (Tex. 2016) (alteration in original) (quoting *Mitchell v. Mitchell*, 244 S.W.2d 803, 806 (Tex. 1951)). As was the case in *Stephens*,

Mildred's will does not clearly demonstrate an intent to use "personal effects" contrary to its well-settled legal usage. *See id.*

Mineral interests do not fall within the typical definition of personal effects. Thus, based on the will's language, it does not appear that Mildred intended "personal effects" to include any of her real property. The first paragraph states that the will was executed "for the purpose of the distribution of [Mildred's] entire estate, real, personal[,] and mixed." Despite this language, Mildred specifically provided Appellant her *personal* effects only. We must presume that Mildred placed nothing meaningless or superfluous in her will. *See id.* Accordingly, some meaning must be attributed to Mildred's choice to limit her description of effects to only *personal* effects.

Additionally, Mildred's reference to "real, personal[,] and mixed" property confirms that she knew distinctions existed between such different types of property. *See Neal*, 2018 WL 283780, at *4. With this understanding, Mildred chose to provide Appellant only her *personal* effects. Moreover, it is well settled that mineral interests are interests in real property, but minerals become personal property when severed or extracted from the land. *See W.B. Johnson Drilling Co. v. Lacy*, 336 S.W.2d 230, 234 (Tex. App.—Eastland 1960, no writ). Nothing in the record indicates any of the minerals in question had been extracted or severed prior to Mildred's death. Accordingly, Mildred's mineral interests were clearly real property when her will took effect and, thus, would not fall within the *personal* effects described for Appellant. *See Clyde v. Hamilton*, 414 S.W.2d 434, 438 (Tex. 1967) (explaining that unaccrued royalties and the right to them are interests in land, not personal property). Based on the reasons above, the trial court was correct in construing personal effects as a limited bequest.

Mildred's will does not contain a residuary clause. As a result, the trial court had to interpret a will that failed to dispose of all of Mildred's property. Although

not discussed by Appellant, this court recognizes that "[t]he mere making of a will is evidence that the testator had no intent to die intestate and creates a presumption that the testator intended to dispose of his entire estate, and that he did not intend to die intestate as to the whole or any part of his property." *Shriner's*, 610 S.W.2d at 151. While this presumption is powerful, it is not strong enough to empower a court to write a residuary clause into a will where none previously existed. *Alexander v. Botsford*, 439 S.W.2d 414, 416 (Tex. App.—Dallas 1969, writ ref'd n.r.e.). When a testatrix intentionally or unintentionally fails to provide for the complete disposition of her property, courts must hold that the testatrix died intestate as to the omitted property. *Kaufhold v. McIver*, 682 S.W.2d 660, 666 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Since Mildred failed to provide for the disposition of any property other than her personal effects, the trial court was correct in finding that Mildred died intestate as to her property other than her personal effects. We overrule Appellant's first issue.

Appellant asserts in his second issue that the trial court erred in finding that he misapplied estate property entrusted to his care. His only argument in support of this contention is that he was the sole beneficiary of Mildred's entire estate under the will. Thus, Appellant's second issue appears to be dependent on his first issue concerning the construction of "personal effects." Accordingly, our disposition of Appellant's first issue is also dispositive of his second issue. Moreover, Appellant failed to appropriately cite to authorities and the record in support of his second issue. *See* TEX. R. APP. P. 38.1(i); *see also Flores v. Benavides*, No. 11-15-00060-CV, 2017 WL 962664, at *1 (Tex. App.—Eastland Mar. 9, 2017, no pet.) (mem. op.). We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the orders of the trial court.


KEITH STRETCHER

JUSTICE


October 31, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.